WATSON, Judge
(dissenting).
I persist in my original view that the Parish is not liable for these sales taxes.
St. John the Baptist P. S. B. v. Marbury-Patillo C. Co., 259 La. 1133, 254 So.2d 607 (1971) is authority for holding only Conalco and not the Parish liable for the sales taxes. In that case, a contractor was held liable for sales and use taxes in con *924 nection with construction for the South Louisiana Port Commission. It was contended that the port commission should also be liable for the taxes, but the Supreme Court, through Justice Dixon, stated that the port commission was not liable for sales and use taxes. There, as here, the parties’ contract required the contractor to pay all taxes. The ordinance under which the taxes were assessed dealt with tangible personal property which corresponds with the definition of corporeal movables in the Civil Code. Since the port commission’s contract was not for the purchase of movables but for the construction of immova-bles, it was held that the port commission, as owner of the immovable construction, was not liable for the sales taxes. The sales tax statute in question here also uses the term “tangible personal property”. The court in St. John the Baptist, supra, stated:
“No provisions of the ordinance taxing the owner of land who contracts for the erection of structures thereon have been brought to our attention,” 254 So.2d 612
The construction of the aluminum plant in this case was under the direction of Conalco. Their employee, William F. Boyer, Jr., acted as project supervisor and another employee, Jerry F. Replogele, acted as alternate project supervisor. (TR. 84) There is little question that Conalco actually acted as contractor on the project. The agreement between the parties provided that the buildings deemed necessary by the lessee, Conalco, for the operation of the project would be built in accordance with the contract, documents plans and specifications which were prepared by the lessee. (TR. 48) It was also agreed that all construction would be under the general supervision and direction of the project supervisor, a Conalco employee. (TR. 48) Under the rationale of the St. John the Baptist case, supra, only Conalco and not the Parish should be cast in judgment for the sales taxes.
I respectfully dissent.